UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANTHONY D. RICHARDS<br>#01485862 | § § § | |
| V. | § § | A-22-CV-660-LY-SH |
| RANDOLPH BROOKS FEDERAL<br>CREDIT UNION and AUDRA HARRIS<br>COOPER | § § § § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is a civil rights complaint filed by Plaintiff Anthony D. Richards. The undersigned Magistrate Judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules.

### I.  Statement of the Case

Richards, proceeding pro se, has been granted leave to proceed in forma pauperis. At the time he filed his civil rights complaint, Richards was confined in the Texas Department of Criminal Justice – Correctional Institutions Division.

Richards asserts Audra Harris Cooper cashed a check in the amount of $45,000 at the Randolph Brooks Federal Credit Union without showing a power of attorney and photocopy of Richards' prison identification. He sues the credit union and Cooper for the return of his $45,000.

1

## II.     Legal Standards

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## III.     Analysis

Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a cause of action under section 1983 the [plaintiff] must allege that the person who deprived him of a federal right was acting under color of law." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004).

Richards fails to allege the defendants violated any of his constitutional rights. In addition, the defendants he sues are not state actors. Accordingly, Richards fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Although Richards is proceeding pro se and the Court must

construe his complaint liberally, he does not allege an alternative basis for subject matter jurisdiction.

## IV.     Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that Richards's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e) and for want of jurisdiction.

It is further recommended that Richards be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

If this Report and Recommendation is accepted, adopted, or approved, it is further recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## V.     Objections

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained within this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations and, except on grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C.

§ 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on July 13, 2022.

                                              SUSAN HIGHTOWER
                                              UNITED STATES MAGISTRATE JUDGE